IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

COREY GREGG,

    Plaintiff,
v.                                              CASE NO. 1:17-cv-66-MW-GRJ

STATE OF FLORIDA,

    Defendant.
_____/

**ORDER AND
REPORT AND RECOMMENDAITON**

Plaintiff, an inmate presently confined at Cross City CI, initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and seeks leave to proceed as a pauper (ECF No. 2). The Court finds that leave to proceed as a pauper should be granted for the limited purpose of recommending that the case be summarily dismissed.[1]

The Complaint, ECF No. 1, stems from Plaintiff's 2014 Alachua County guilty plea conviction of a probation violation, for which Plaintiff is serving a 10-year sentence. ECF No. 1 at 7. Plaintiff contends that the trial court erred by failing to award Plaintiff 149 days of jail time credit prior

---

[1] Pursuant to the Prison Litigation Reform Act, a prisoner seeking to bring a civil action or appeal *in forma pauperis* shall pay the full amount of the filing fee. 28 U.S.C. § 1915(a)(b)(1). As explained *infra*, Plaintiff's claims sound in habeas corpus, and in the interest of judicial economy, the Court will not assess the fee at this time in view of the fact that there is no basis for exercising jurisdiction over Plaintiff's claims.

to being placed on probation for the underlying conviction. *Id*. Plaintiff alleges that he is contemplating filing a Fla. R. Crim. P. 3.801 motion seeking such credit, but that it appears he is time-barred from doing so. Plaintiff alleges that the Rule 3.801 time bar violates his right to due process and access to court. *Id*.

Plaintiff's claims are not properly asserted by way of a civil rights complaint. "[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). It is clear that Plaintiff's claims implicate the fact or duration of his present confinement, and therefore such claims go to the very heart of habeas corpus and are not properly raised in a civil rights complaint. Because Plaintiff is challenging a sentence imposed in Alachua County, his remedy would be to file a habeas corpus petition after first exhausting all available state remedies. 28 U.S.C. § 2254(b). It is apparent from the allegations of the Complaint that Plaintiff has not yet exhausted state remedies by first seeking relief in the state trial court which could, under appropriate circumstances, include seeking leave to pursue a belated

motion or other state postconviction relief.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED**.

It is respectfully **RECOMMENDED** that this case be **DISMISSED**.

**IN CHAMBERS** in Gainesville, Florida, on the 15th day of March 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**